**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: | CASE: 21-10547-EEB |
| PAUL G HARDY<br>STEPHANIE JO HARDY | CHAPTER 13 |
| **Debtors** | |

---

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

---

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

1. To ensure that the plan meets the best interest of creditors, Trustee requests a current market analysis to support the value of Debtors' residence. Schedule A indicates the value is $375,000 and online resources indicate that the value is $519,117. 11 U.S.C. § 1325(a)(4)

2. Debtors are not committing all of their disposable income to plan payments. 11 USC §1325(b)(1)(B). Schedule I reports Debtor-Husband's gross income as $5694.02 per month. A calculation of monthly income from pay advices filed with the case indicates that Debtor-Husband's gross monthly income averages is $11,000 per month. Net income is understated.

3. Trustee is unable to determine if the applicable commitment period is 3 or 5 years and if the plan fully provides for the minimum distribution to Class Four claims as required by Form 122C-2. 11 U.S.C. § 1325(b)(1)-(4). Trustee requests a copy of Debtors' pay advices from August 1, 2020 through November 12, 2020 and January 29, 2021.

4. The plan does not provide for the secured claim filed by Conn Appliances. 11 U.S.C. § 1325(a)(5).

5. The plan does not fully provide for the priority claim of the Internal Revenue Service. 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1).

6. The plan does not fully provide for the secured arrears listed in the proof of claim filed by Specialized Loan Servicing. 11 U.S.C. § 1325(a)(5).

7. Debtors may not be committing all of their projected disposable income to plan payments. 11 USC §1325(b)(1)(B). Schedule I indicates that Spouse is unemployed. Trustee requests that Debtors amend the plan to add the following provision:

"Debtors will amend Schedule I, J and the Plan, if necessary, within 30 days of Spouse's returning to employment."

The Trustee reserves the right to amend his objection and to report on the Debtors' payment history at the hearing on his Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: March 23, 2021                                Respectfully submitted,

/s/ William R. Evans
William R. Evans, #36396
Attorney For Douglas B. Kiel, Chapter 13 Trustee
7100 E Belleview Ave, Suite 300
Greenwood Village, Co 80111
(720)398-4444
wevans@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on 03/23/2021 addressed as follows:

PAUL G HARDY
STEPHANIE JO HARDY
13102 BELLAIRE DR
DENVER, CO  80241

Notice by Electronic Transmission was sent to the following persons/parties:

DEVON BARCLAY PC

/s/ Shannon Fahnestock
staff for Douglas Kiel, Ch 13 Trustee